## ZINN and others *v.* WEISS.

*(Circuit Court, E. ʌ). New York. March 17, 1881.)*

**1. PATENT No. 47,135—RE-ISSUES No. 8,106 AND 8,123—POCKET-BOOK CLASPS—MOTION FOR PRELIMINARY INJUNCTION—VALIDITY.**

Upon a motion for a preliminary injunction, letters patent No. 47,135, granted April 4, 1865, to Charles Seaver; re-issued letters patent No. 8,106, granted February 26, 1878, to Zinn and Messer; and re-issued letters patent No. 8,123, granted March 12, 1878, to Zinn and Messer,—all for improvements in pocket-book clasps,—*held valid.*

**2. PATENT—COMBINATION—MACHINE—NEW USE—INFRINGEMENT.**

A patent may secure a combination or machine without regard to the purposes for which it is intended, and will be infringed by the employment of such device for a purpose not mentioned in the patent.

Thus a patent for an improved clothes-fastening attachment or clasp, will be infringed by a device substantially similar to it, used on a pocket-book, though the use of such fastener upon pocket-books was not mentioned or claimed in the patent.

**3. PATENT No. 47,135 — CLOTHES FASTENER — CORSET FASTENER—ANTICIPATION.**

Letters patent No. 47,135, for an improved clothes fastener, consisting of a metallic plate, provided with a projecting stud applied to the under lap of the article to be fastened, and a hinged button or cap to shut down on the top of the stud, and enclose the upper lap of the article, when it is slipped over the stud by a recess in it, *held, not anticipated* by a corset fastening in which the plate and cap are not hinged together, but are attached one to either side of the corset, and operate by slipping an eyelet placed in the cap over a stud placed in the plate.

**4. RE-ISSUES No. 8,106 AND 8,123 — POCKET-BOOK CLASPS — KOHLMAN CLASP—ANTICIPATION—INFRINGEMENT.**

Re-issued letters patent No. 8,106, for an improved pocket-book clasp, consisting of a base plate with a stud attached thereto, over which an eyelet in the lap to be clasped passes, a cap whose tailpiece presses against a spring attached to the base plate and engages with it by arms working in flanges in the base plate, holding the cap and stud in connection, and permitting the cap to move back and allow the eyelet to be withdrawn; and re-issued letters patent No. 8,123, for an improved pocket-book clasp, consisting of a base plate and cap hinged upon a slot therein, with its tail-piece pressing upon the free end of a spring attached thereto, holding the cap and base in connection, and permitting the cap to swing back and forth, so as to clasp, between it and the base, the lap desired to be held thereby,—*held, not anticipated* by the Kohlman clasp, having a base plate and box extending over a large part thereof, a cap extending

over the balance and hinged to the front edge of the box by means of two ears on the cap, on which the cap swings, the inner end of the cap having a tail-piece pressing against the free end of a spring attached to the base plate, which also has a stud, over which an eyelet in the lap to be clasped slips, and whereon the cap rests when shut; and *infringed* by a clasp constructed with a base plate, a spring, and a cap bearing thereon, with the whole of its rear portion bent down to form the tail-piece.

In Equity.

*J. Van Santvoord*, for plaintiffs.

*Frost & Coe*, for defendant.

BENEDICT, D. J. This case comes before the court upon a motion for a preliminary injunction to restrain the defendant from making a certain form of pocket-book clasp, which, as the plaintiffs contend, infringes upon certain patents owned by them.

The bill sets forth three patents,—

One, No. 47,135, issued to Charles Seaver, April 4, 1865, and assigned to the plaintiffs Zinn and Messer, October 18, 1879; another, re-issue No. 8,106, dated February 26, 1878, issued to Zinn and Messer, assignees of Louis Messer; and another, re-issue No. 8,123, dated March 12, 1878, issued to the same parties.

The invention described in the Seaver patent is therein stated to consist in—

"A metallic plate, to be applied to the under lap or portion of the article of wearing apparel, and provided with a projecting pin or stud and a hinged cover or button, as it may be termed; the whole being so made and applied that the cover shall shut down upon the top of the stud, and enclosed under it the upper lap or portion of the coat or garment, which is to be provided with a hole or recess to put down over the stud."

The claim is for an—

"Improved clothes-fastening attachment, the same consisting of the plates *a* and *d*, and the stud *f*, they being constructed and to operate in connection with an eyelet or hole in the outer flap of the garment, substantially in manner as hereinbefore explained."

In respect to this patent the defendants say—

*First.* That it is limited by the terms of the specification to a mode of fastening for garments, and inasmuch as the defendants make a clasp intended to be used on pocket-books, and nothing else, they do not infringe.

The answer to this position is that the Seaver patent secures the combination or machine therein described, with-

out regard to the purposes for which the fastening is intended; and if the defendant's clasp is in substance the same as that described in the Seaver patent, it constitutes an infringement of that patent, notwithstanding it is intended to be employed for a purpose not mentioned in the patent. The next position taken by the defendant is—

That if the Seaver patent is held to cover the device therein described, without regard to the purposes for which it may be applicable, then the invention is anticipated by the ordinary corset fastening and the ordinary hand-bag fastening, of which specimens are put in evidence.

But the corset fastening and the hand-bag fastening differ from the Seaver clasp in this : that in the Seaver clasp the button or cap is connected with, and hinged upon, the base, and the clasp operates by retaining between the cap and the base the article intended to be clasped; while in the corset fastening and the hand-bag fastening the two plates are not connected together, or hinged one upon the other, and the fastening is accomplished by attaching one plate to one side of the corset, or bag-opening, and the other to the other side, and then slipping an eyelet placed in one plate over a stud placed on the other plate. The difference between the two devices is plain and substantial.

The last position taken in respect to this patent is—

That an essential feature of the device is that the cap and base plate are connected by a jackknife hinge, and the defendant's clasp is no infringement, because it contains no jackknife hinge.

As I understand it, there must be a spring and also a pintle to constitute a jackknife hinge. The description of the drawings given in the Seaver patent states that the cap and base are connected by a jackknife hinge, but further on it is expressly stated that the spring may be dispensed with. I am unable, therefore, to say that a jackknife hinge is an essential feature of the device described in the Seaver patent. I have no difficulty, however, in holding that an essential feature of the Seaver invention, as described in the patent, is a cap and base plate connected together by means of a hinge, of which a pintle forms a part.

But assuming that the Seaver patent is for a combination wherein a spring is not, and a pintle is, an essential element,

the case of the defendants is not helped because of the Messer patents owned by the plaintiffs and set forth in the bill, namely: re-issue No. 8,106, and re-issue 8,123. The patent re-issue No. 8,123 is for a clasp consisting of three pieces—a base plate, a cap with a tail-piece, and a spring.

These parts are constructed so that the cap shall hinge upon and engage with the base plate without the use of a pintle or its equivalent, and so that that part of the cap called the tail-piece, by pressing upon the free end of a spring attached at the other end upon the bottom of the base, holds the cap and base in connection, while, at the same time, the cap is permitted to swing in and out, and so to clasp between it and the base any article desired to be held thereby.

The invention described in re-issue No. 8,106 is the same as that described in re-issue No. 8,123, with this single exception: that it has a stud attached to the base plate upon which the cap shuts, and the article intended to be clasped is held by means of an eyelet that slips over the stud, instead of by an abutment upon the article clasped, as in re-issue No. 8,123. The defendant's clasp is intended to produce precisely the same result as that accomplished by the Messer clasp. It consists of three pieces—a base, a cap having a tail-piece, and a spring. These parts operate together in the same manner as do the same parts in the Messer clasp, the only difference being that in the defendant's clasp the whole of the rear end of the cap is bent down to form the tail-piece, instead of only a part of the cap, as in the Messer clasp. This distinction does not, in my opinion, constitute a difference. The functions of the tail-piece are the same in both clasps. Such a form of tail-piece as that employed in the defendant's clasp would be suggested almost as a matter of course by the tail-piece of the Messer clasp.

The defendant states in his affidavit that advantage is gained by his form of construction, but what that advantage is does not appear, nor is there any evidence except the bare statement of the defendant that the cost of the clasp is reduced by making it in his form. So far as I have been able to discover, the two clasps accomplish precisely the same result by

means substantially the same.    There is no difference in prin-
ciple between them.    The form of hinge employed in the de-
fendant's clasp can be no more than the mechanical equivalent
for the hinge employed in the Messer clasp; but I incline to
the opinion that all that has been effected by the defendant
is a colorable change in form.

But it is said the defendant has been awarded a patent,
No. 221,377, by virtue of which he makes the clasps com-
plained of, and therefore has the determination of the patent-
office that the change he has introduced is substantial, and
he is therefore entitled to go to final hearing before being
subjected to an injunction.    But no such patent is set up
in the answer, and therefore no question as to the effect of
the patent referred to can arise upon this motion.

Upon the papers as they stand, showing, as they do, among
other things, a general acquiescence in the plaintiff's claim
under these patents, I see no reason for doubt upon the
question of infringement of the Messer patents, and must
grant an injunction, provided the Messer patents are valid.
But the validity of the Messer patents is denied for want of
novelty.    The only evidence in support of this charge relates to
clasps made and sold by one Kohlman more than two years
prior to the Louis Messer application.    The Kohlman clasp
consists of—

A base plate, a box extending over a considerable part of the base plate
and fastened thereto, a cap extending over the rest of the base plate and
hinged to the front edge of the box by means of two ears formed on the
cap, on which the cap swings.    The inner end of the cap has a tail-piece
bent down under the box, so as to rest upon the free end of a spring,
which is secured at the other end upon the bottom of the base plate.    The
base plate has a stud whereon the cap rests when shut, over which an
eyelet in the article intended to be clasped slips, and so is held.

The differences between the Kohlman clasp and the Messer
clasp are these:    The Messer clasp dispenses with the box
fastened upon and covering half of the base, to which the cap
is attached by means of the ears, dispenses with the ears
upon which the cap turns, and makes the tail-piece of the
cap to engage directly with the base plate, without the em-
ployment of either pintle or ears, and to rest upon the spring

on the under side of the base in such a manner that the base and cap are held in connection with each other without any other fastening, while the cap is permitted to hinge directly upon the base, and so to close upon a stud or abutment, as the case may be. Evidently the Messer clasp accomplishes the same result as the Kohlman clasp, but it accomplishes this result by different means. The base and cap in the Messer clasp are not equivalent to the base, cap, and box in the Kohlman clasp. In the Kohlman clasp the cap does not engage with the base, as in the Messer clasp. In the Kohlman clasp the cap and box are connected together by means of ears, and the box secured to the base. In the Messer clasp no ears are employed, and the cap is held in immediate connection with the base by the operation of the spring upon the tail-piece of the cap. These differences are substantial. By means of these a clasp is produced costing less to manufacture, while at the same time it is more durable, for all danger of the box working loose from the base is avoided,—a result fatal to the efficiency of the Kohlman clasp. The importance of these differences is proved by the fact that the plaintiff does not seek to restrain the manufacture or sale of the Kohlman clasps, and the further fact that the Kohlman clasps are no longer in the market, while there is a demand for the plaintiffs' clasp.

I am of the opinion, therefore, that the plaintiffs' clasp is not anticipated by the Kohlman clasp, and that the Kohlman clasp affords no ground upon which to hold the Messer patents void for want of novelty. My conclusion, therefore, is that the plaintiffs are entitled to a preliminary injunction.